## LAWRENCE et al. v. THOMPSON et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

OPINION EVIDENCE.

A witness should not be permitted to testify to the meaning of declarations made by another, or to what persons or matters he supposed they referred, but the declarations only should be proved, the question of meaning or reference being for the jury.

Appeal from city court of Yonkers.

Action by John V. Lawrence and another against Edward Thompson and another. From a judgment on a verdict for plaintiffs, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Marshall, for appellants.
I. J. Beaudrias, for respondents.

PER CURIAM. The action was brought to recover a balance due for goods sold and delivered to the firm of E. Thompson & Co., which

firm, the complaint charged, was composed of the defendants.    Mary
H. Thompson alone answered and defended, denying the partnership
and her liability.    Assuming that there was enough shown on the
trial to justify the submission to the jury of the question of the de-
fendant Mary H. Thompson's interest in the firm, it is clear that a
mass of incompetent evidence was admitted, only a single instance of
which it is necessary to recite.    A witness for the plaintiffs was per-
mitted to give the following testimony as to declarations of that de-
fendant's husband, made in her absence:

"Q. And in speaking of that unfinished work, do you know whether or not
he used the language, 'I' or 'We have that work'?    A. I think he always used
'We.'    Q. From all the questions of Mr. Thompson and his wife, and your deal-
ings and conversations with them, who did you understand 'we' meant?    A.
Well, I understood and always believed that it was his wife.    I didn't know of
anybody else at that time."

The declarations of the husband were not competent as against his
wife, and even had they been made in the presence of the wife, so as
to bind her, the witness should not have been permitted to testify to
his understanding of their effect.    The declarations themselves should
have been proved; and, if there was any doubt as to their meaning
or as to what persons or what matters they referred, the question
of the meaning or reference was for the jury, not for the witness.    Both
questions were objected to, and the testimony admitted over the de-
fendant's objection and exception.    This was plainly error.

The judgment and order should be reversed, and a new trial granted,
costs to abide the event.